UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HALDIRAM INDIA (P) LTD, <br><br> Plaintiff, <br> v. <br><br> PUNJAB TRADING, INC., <br><br> Defendant. | CASE NO. 2:25-cv-01462-LK <br><br> ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR AN ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff Haldiram India (P) Ltd.'s Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. Dkt. No. 11. Defendant Punjab Trading, Inc. has not yet appeared or responded to the motion. For the reasons set forth below, the Court denies the motion for a temporary restraining order and grants the request for an order to show cause why a preliminary injunction should not issue.

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR AN ORDER TO SHOW CAUSE - 1

## I. BACKGROUND

Plaintiff Haldiram India (P) Ltd. ("Haldiram") is an Indian company that develops, manufactures, and distributes Indian-style snack foods. Dkt. No. 1 at 4–5. It markets and sells a set of products in the United States that is distinct from those it sells in India. *Id.* at 5. It owns several trademarks for its products. *Id.* at 5–7.

In this lawsuit, it alleges that Defendant Punjab Trading, Inc. ("Punjab") has altered Haldiram's products designed to be sold in India and imported, distributed, or sold them in the United States without Haldiram's authorization. *Id.* at 8. Haldiram asserts claims for Federal Trademark Infringement, Federal Unfair Competition and False Designation of Origin, and Common Law Unfair Competition. *Id.* at 15–19.

## II. DISCUSSION

Federal Rule of Civil Procedure 65 empowers the court to issue a temporary restraining order ("TRO"). Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 22.

1    A TRO "is an extraordinary remedy that is generally reserved for emergency situations in
2  which a party may suffer immediate irreparable harm." *Oracle Am., Inc. v. Myriad Group AG*, No.
3  C 10-05604 SBA, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2011); *see also Whirlpool Corp.*
4  *v. Marshall*, 445 U.S. 1, 20 n.33 (1980) (noting that temporary restraining orders are used for
5  "emergency situations"). A party's "long delay before seeking a preliminary injunction implies a
6  lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d
7  1374, 1377 (9th Cir. 1985).

8    Here, Haldiram's lengthy delay shows that there is no emergency. In August 2024, it sent
9  a cease and desist request to Punjab, and on October 23, 2024, Punjab sent a response "refusing to
10 comply with Haldiram's requests or to cease their unauthorized conduct." Dkt. No. 11 at 8; *see*
11 *also* Dkt. No. 11-2 at 2, 4–14, 34–35. Yet Haldiram waited until August 4, 2025 to file this action,
12 Dkt. No. 1, and until August 20, 2025 to file this motion for a TRO, Dkt. No. 11. Its motion for a
13 TRO does not explain why it waited so long, or why the situation has now ripened into an
14 emergency.

15   In light of Haldiram's lengthy and unexplained delay, the Court finds Haldiram has not
16 shown that an emergency exists to justify immediate ex parte relief before Punjab can be heard.
17 Instead, this matter is more appropriately considered in the context of Haldiram's motion for a
18 preliminary injunction after Punjab has had an opportunity to respond.

### III.  CONCLUSION

20   For the foregoing reasons, the Court DENIES Haldiram's motion for a temporary
21 restraining order and GRANTS its request for an order to show cause why a preliminary injunction
22 should not issue. Dkt. No. 11. Punjab shall file its response to Haldiram's request for a preliminary
23 injunction no later than September 10, 2025. Haldiram shall file its reply no later than September

1  17, 2025. In addition, because it appears that the parties have not discussed Haldiram's claims,
2  they are encouraged to meet and confer and attempt to reach an amicable resolution.
3        Dated this 21st day of August, 2025.

*(signature)*

Lauren King
United States District Judge

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR AN ORDER TO SHOW CAUSE - 4