UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HALDIRAM INDIA (P) LTD,<br><br>      Plaintiff,<br> v.<br><br>PUNJAB TRADING, INC.,<br><br>      Defendant. | CASE NO. 2:25-cv-01462-LK<br><br>ORDER STRIKING MOTION FOR EXTENSION OF TIME AND GRANTING MOTION FOR DEFAULT |

   This matter comes before the Court on Defendant Punjab Trading, Inc.'s Request for Extension to Respond to Plaintiff Haldiram India (P) Ltd.'s motion for a preliminary injunction, Dkt. No. 16, and Haldiram's motion for entry of default against Punjab, Dkt. No. 18. For the reasons set forth below, the Court strikes the motion for an extension and grants the motion for default.

**A. The Court Strikes the Motion for an Extension**

   Punjab requests an extension of its September 10 deadline to respond to the motion for a preliminary injunction because it is "currently consulting with attorneys to represent [it] regarding this matter." Dkt. No. 16 at 1. Punjab's motion is not properly before the Court. Business entities

ORDER STRIKING MOTION FOR EXTENSION OF TIME AND GRANTING MOTION FOR DEFAULT - 1

other than sole proprietorships must be represented by counsel and cannot proceed pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). Here, no counsel has appeared on Punjab's behalf, and the motion is signed by an individual who does not identify themselves by name or as an attorney. Dkt. No. 16 at 2. A non-attorney cannot act as counsel for a business entity. *See Omni Innovations, LLC v. Ascentive, LLC*, No. C06-1284-JCC, 2008 WL 11506654, at *1 (W.D. Wash. Apr. 30, 2008). The Court therefore strikes the pro se motion, Dkt. No. 16.

**B.     The Court Grants the Motion for Default**

Haldiram moves for entry of default against Punjab because it has failed to plead or otherwise defend. Dkt. No. 18 at 2; *see also* Fed. R. Civ. P. 55(a). Haldiram served Punjab on August 15, 2025. Dkt. No. 7 at 2–4 (Affidavit of Service on Kulwant Singh); *see also* Washington State Office of the Secretary of State Corporations & Charities Division, Corporation Search Result for Punjab Trading, Inc., https://ccfs.sos.wa.gov (last visited September 19, 2025) (listing Kulwant Singh as a Governor and Registered Agent of Punjab); Fed. R. Civ. P. 4(h)(1)(B). Punjab was therefore required to respond to the complaint by September 5, 2025, Fed. R. Civ. P. 12(a)(1)(A)(i), but Punjab has failed to plead or otherwise defend. It has not filed an answer or a response to Haldiram's motion for a preliminary injunction, and as set forth above, its pro se motion is not properly before the Court. In addition, the Local Civil Rules provide that a business entity that is not represented by counsel may face "entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4). Accordingly, the Court grants the motion for default.

For the foregoing reasons, the Court STRIKES the motion for an extension, Dkt. No. 16, and GRANTS the motion for entry of default, Dkt. No. 18. The Court directs the Clerk to enter this default in the docket and mail copies of this Order to (1) Punjab Trading, Inc. at 4710 B Street

NW, Unit 103, Auburn, WA, 98001, and to (2) Kulwant Singh at 12722 SE 295th Street, Auburn, WA, 98092. Haldiram is reminded that any motion for default judgment must comply with Section VIII of this Court's Standing Order for all Civil Cases. Dkt. No. 5-1 at 6.

Dated this 19th day of September, 2025.

*Lauren King*

Lauren King
United States District Judge